IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ESHED ALSTON, :
:
    Plaintiff, :
:
v. : Civ. No. 17-551-LPS
:
SENATOR CHRISTOPHER A. COONS, :
et al., :
:
    Defendants. :

**MEMORANDUM ORDER**

At Wilmington this 21st day of September, 2018, having considered the pending motions (D.I. 13, 14);

IT IS HEREBY ORDERED that: (1) Plaintiff's motion for recusal (D.I. 14) is DENIED; (2) Plaintiff's requests for entry of default (D.I. 13, 14) are DENIED as premature; and (3) Plaintiff is given and additional sixty (60) days to effect proper service.

1. **Introduction.** Plaintiff EShed Alston ("Plaintiff") seeks entries of default and recusal of the undersigned. (D.I. 13, 14) He appears *pro se* and has paid the filing fee.

2. **Recusal.** Plaintiff appears to seek the undersigned Judge's recusal on the grounds that the Court has not ruled on Plaintiff's motions in another case he has pending in this Court and because there has been no entry of default in this case. Plaintiff also alleges "unlawful racial bias." (D.I. 14)

3. A judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned," *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir.

1

2004), not only "whether a judge actually harbors bias against a party," *United States v. Kennedy*, 682 F.3d 244, 258 (3d Cir. 2012). Under § 455(b)(1), a judge is required to recuse himself "[w]here he has a personal bias or prejudice concerning a party."

4. Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *see also Selkridge v. United of Omaha Ufa Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (stating beliefs or opinions which merit recusal must involve extrajudicial factor). Hence, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Similarly, claims of bias or partiality cannot be based on "expressions of impatience, dissatisfaction, annoyance, [or] even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration -- even a stern and short-tempered judge's ordinary efforts at courtroom administration -- remain immune." *Id.* at 555-56.

5. It is evident in reading Plaintiff's motion that he takes exception to this Court's prior rulings in other cases. This serves as one of his reasons for seeking recusal. He also makes conclusory allegations, but provides no rational basis for his claims of alleged bias. A reasonable, well-informed observer could not believe that the rulings were based on partiality, bias, or actual prejudice by the undersigned Judge. Nor do the rulings demonstrate the Court acting in such manner when ruling in the cases wherein Plaintiff is a party. After careful and deliberate consideration, the undersigned Judge has concluded that the Court has no actual bias or prejudice towards Plaintiff and that a reasonable, well-informed observer would not question the Court's impartiality. In light of the foregoing standard and after considering Plaintiff's assertions, the undersigned Judge concludes that there are no grounds for recusal under 28 U.S.C. § 455.

6. **Request for Default**. Plaintiff seeks entry of default as to both Defendants. Defendants oppose the motion on the grounds that proper service has not been effected and, in particular, that there has been no service upon the United States Attorney of the District of Delaware or the Attorney General of the United States, as is required by Fed. R. Civ. P. 4(i)(2) and (3). The Court docket supports Defendants' position. Entry of default is inappropriate and premature. *See* Fed. R. Civ. P. 55(a).

7. **Service**. To date, the parties have not been properly served. Given Plaintiff's *pro se* status, the Court exercises its discretion and gives Plaintiff additional time to effect service. *See Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997). Plaintiff is given an additional sixty days to effect service upon Defendants.

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE